IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABEL MAASHIO TESFAZGHI, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-06-868-T |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

O R D E R

Petitioner, appearing *pro se*, brought this action seeking habeas corpus relief pursuant to 28 U. S. C. § 2241; he challenges his continued detention by the United States Immigration & Customs Enforcement ("ICE").   In accordance with   28 U.S.C. §636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings.

On October 19, 2006 the magistrate judge filed a Report and Recommendation [Doc. No. 20] in which he recommended that the court grant respondents' motion to dismiss and dismiss the complaint as moot because petitioner is no longer in ICE custody. In support of their motion, respondents submitted documents evidencing the fact that petitioner was released from ICE custody on September 6, 2006. Petitioner did not respond to the motion, and court orders and pleadings sent to the addressed he provided have been returned as undeliverable.

In the Report and Recommendation, the magistrate judge advised petitioner of his right to file objections to same and set a deadline of November 8, 2006 for filing objections. The magistrate judge further expressly cautioned petitioner that a failure to timely file objections would result in a waiver of his right to appellate review of the matters determined in the Report and

Recommendation. Petitioner did not file an objection and, in fact, has not communicated with the court. Although court mail sent to him was returned as undeliverable, petitioner is responsible for advising the court of an address change; the court is responsible only for mailing court papers to the last address provided by petitioner. *See* LCvR 5.1. Petitioner's failure to notify the court of his current address results in the orders being deemed delivered upon mailing to the last address he provided to the court. *Id.*

Furthermore, the returned mail is additional evidence that petitioner is no longer in detention and is not in the custody of ICE. The magistrate judge correctly concluded that, as a result, the petition for a writ of habeas corpus is moot and must be dismissed. Accordingly, the Report and Recommendation [Doc. No. 20] is adopted, and this action is DISMISSED.

IT IS SO ORDERED this 16th day of November, 2006.

---
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE